RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001780-DG

FRANK COLEMAN                                                    APPELLANT


ON DISCRETIONARY REVIEW FROM HARDIN CIRCUIT COURT
v.                  HONORABLE KEN M. HOWARD, JUDGE
ACTION NOS. 18-XX-00012, 18-XX-00013, & 18-XX-00014


COMMONWEALTH OF KENTUCKY                                          APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; GOODWINE AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  On August 23, 2016, the General Sessions Court of Sevier

County, Tennessee entered an "ORDER GRANTING BAIL FOR DOMESTIC

ABUSE" (hereinafter "Tennessee Order") in a domestic violence case against

Appellant, Frank Coleman, Jr.  The alleged victim in that case was Towanna

Turner.  Appellant was subsequently indicted by a Sevier County, Tennessee grand

jury on one count of aggravated domestic assault against Ms. Turner. The Tennessee charges were ultimately dismissed on April 23, 2018, due to what appears to be the inability to locate Ms. Turner.

On October 30, 2017, Appellant pleaded guilty in Hardin District Court to three counts of violating a foreign protection order based on the terms of the Tennessee Order. He was sentenced to twelve months' incarceration, reduced to sixty days, with credit for fifty-three days served. He was also assessed fines and costs totaling $215.00. Sometime thereafter, Appellant was arrested again for violating the terms of the Tennessee Order. In response, the Commonwealth filed a motion in Hardin District Court to revoke Appellant's remaining probated sentence, totaling 305 days.

According to Appellant, it was later discovered that Appellant's trial counsel had not reviewed the Tennessee Order prior to Appellant's pleading guilty to three counts of violating a foreign protection order. The appellate division of the Kentucky Department of Public Advocacy filed a motion to vacate those guilty pleas pursuant to RCr[1] 11.42. The Hardin District Court held a hearing on April 9, 2018, and denied Appellant's motion in an opinion and order dated June 14, 2018. On November 5, 2018, the Hardin Circuit Court affirmed the district court's order on the basis that the Tennessee Order qualified as a foreign protective order under

---

[1] Kentucky Rules of Criminal Procedure.

Kentucky law and, thus, Appellant could not satisfy the RCr 11.42 standard. This Court granted discretionary review.

## I. STANDARD OF REVIEW

"The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of counsel." *Commonwealth v. Pridham*, 394 S.W.3d 867, 870 (Ky. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). *See also* RCr 11.42. In cases alleging ineffective assistance of counsel, appellate courts "review the trial court's factual findings only for clear error, but its application of legal standards and precedents . . . we review de novo." *Pridham*, 394 S.W.3d at 875. "[T]o be entitled to relief from a guilty plea on the ground of ineffective assistance of counsel a defendant must show both that counsel provided deficient assistance and that he, the defendant, was prejudiced as a result." *Id.* (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). With these standards in mind, we turn to the applicable law and the facts of the present case.

## II. ANALYSIS

Appellant's sole argument on appeal is that "[t]he Tennessee bail condition does not qualify as a protective order. Therefore, trial counsel rendered ineffective assistance of counsel by failing to investigate this issue." For the

following reasons, we disagree. Four statutes are relevant to our analysis: KRS[2] 403.763; KRS 403.720; 18 U.S.C.[3] § 2265; and 18 U.S.C § 2266. KRS 403.763 provides in pertinent part as follows:

> (1) Violation of the terms or conditions of an **order of protection** after the person has been served or given notice of the order shall constitute contempt of court and a criminal offense under this section. Once a criminal or contempt proceeding has been initiated, the other shall not be undertaken regardless of the outcome of the original proceeding.
>
> . . . .
>
> [(4)](b) Violation of an order of protection is a Class A misdemeanor.

(Emphasis added.)

KRS 403.720(6) defines order of protection as "an emergency protective order or a domestic violence order and includes a **foreign protective order**[.]" (Emphasis added.) Section three of that provision defines a foreign protective order as "**any judgment, decree, or order of protection which is entitled to full faith and credit pursuant to 18 U.S.C. sec. 2265 that was issued on the basis of domestic violence and abuse**[.]" (Emphasis added.) The dispositive question here is whether the Tennessee Order qualifies as a "foreign

---

[2] Kentucky Revised Statutes.

[3] United States Code.

protective order" under the relevant federal statutes and, therefore, constitutes an order of protection under Kentucky law.

18 U.S.C § 2265 is a statute dealing with protection orders that serves as part of a comprehensive federal statutory scheme known as the "Violence Against Women Act." 34 U.S.C. § 12101-12113. 18 U.S.C § 2265 was enacted to permit and encourage states to apply full faith and credit to protection orders issued by sister states. That provision is concerned primarily with ensuring that the issuance of protection orders satisfies basic notions of due process and notice concerning the foreign forum and resulting order. Appellant does not challenge the jurisdiction of the General Sessions Court of Sevier County, Tennessee. He has not raised any violation of due process, notice, or any other concern enumerated in 18 U.S.C § 2265 as it relates to the Tennessee Order or its accompanying proceedings. Therefore, we need not address 18 U.S.C § 2265 any further. Rather, we must address 18 U.S.C § 2266(5)(A), which defines "protection order" referenced in 18 U.S.C § 2265 as:

> any injunction, restraining order, or **any other order issued by a civil or criminal court for the purpose of preventing violent or threatening acts or harassment against,** sexual violence, or contact or communication with or physical proximity to, **another person**, including any temporary or final order issued by a civil or criminal court whether obtained by filing an independent action or as a pendente lite order in another proceeding so long as any civil or criminal order was issued in response to a

complaint, petition, or motion filed by or on behalf of a
person seeking protection[.]

(Emphasis added.)

We now turn to the specific language contained in the Tennessee Order to determine whether it is a qualifying protective order under 18 U.S.C § 2265 and, more specifically, 18 U.S.C § 2266(5)(A). As previously stated, the Tennessee Order was titled "ORDER GRANTING BAIL FOR DOMESTIC ABUSE." It concludes that Appellant is a threat to the victim, Ms. Turner, and contains multiple provisions enjoining Appellant from "harassing" and "threatening" her. It was signed by Appellant and a judge of the General Sessions Court of Sevier County, Tennessee.

Appellant asserts that "Tennessee would not have interpreted the bail order as a protective order." In support, Appellant presents a letter from Appellant's defense counsel in the underlying Tennessee case providing that, under Tennessee statutory law, a violation of a condition of release would not constitute a violation of a foreign protection order.[4] However, the relevant definitional statute at issue here, 18 U.S.C § 2266(5)(A), includes "any other order" in its definition of a protection order. Qualifying orders need not be an "emergency protection order"

---

[4] In further support, Appellant provides a letter from the District Attorney General of Sevier County, Tennessee stating that a condition of release violation would result in arrest and a finding of contempt.

or a "domestic violence order." Furthermore, the fact that the Tennessee Order constitutes a conditional discharge order is of no consequence here. Rather, it is clear that at least one purpose behind issuing the Tennessee Order was to prevent violence or harassment against "another person," *i.e.*, the alleged victim, Ms. Turner. Therefore, it is a qualifying protection order under the plain language of 18 U.S.C § 2266(5)(A) and, thus, Kentucky law.

Appellant further argues that the Tennessee Order "is not an EPO or DVO as is required by KRS 403.7527." KRS 403.7527(1) provides that "[a] copy of a foreign protective order *may* be filed in the office of the clerk of any court of competent jurisdiction of this state." (Emphasis added.) The remainder of the statute provides procedures for filing, etc., if one elects to file a foreign protective order. It is permissive, not mandatory. KRS 403.7527(4). Therefore there was no requirement that anyone file the Tennessee Order pursuant to KRS 403.7527 in order for it to be afforded full faith and credit. *See also* Louise Everett Graham and James E. Keller, Domestic violence—Violence Against Women Act, 15 KY. PRAC. DOMESTIC RELATIONS L. § 5:16 (2019).

Lastly, Appellant briefly asserts that he was charged and convicted under KRS 403.7529, "Authentication of foreign protective order," instead of KRS

403.763.[5]  However, he does not elaborate on why he is entitled to relief under RCr 11.42 or *Strickland*.  Any erroneous reference to KRS 403.7529 constitutes a slight defect that did not "prejudice the substantial rights of the defendant on the merits." RCr 6.12.  It certainly does not qualify for relief under RCr 11.42.

In sum, because the Tennessee Order constitutes a qualifying protection order under 18 U.S.C. § 2265 and, therefore, a foreign protective order under KRS 403.720(3), Appellant was not prejudiced under *Strickland*. Accordingly, we need not address the alleged defects in defense counsel's performance.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Hardin Circuit Court.

ALL CONCUR.

---

[5] The Kentucky Court of Justice database, CourtNet, specifically provides the following in each of the three underling cases:  "VIOLATION OF FOREIGN E.P.O./D.V.O. - 403.7529."  As previously stated, however, nothing in the relevant law requires a qualifying protection order to be an EPO or DVO.

BRIEF FOR APPELLANT:

Samuel Potter
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Shelt Michael Lewis
Special Assistant Attorney General
Elizabethtown, Kentucky